FILED
2016 Aug-03  PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| CHARLES VERNON HARRIS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CASE NO. 5:14-CV-1871-SLB-TMP |
| ) | |
| WARDEN DEWAYNE ESTES; ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This case is presently before the court on Objection to Magistrate Putnam's April 18th, 2016, Report and Recommendation filed by petitioner Charles Vernon Harris, Jr. [Objections].  (Doc. 25.)[1]  Mr. Harris, who is proceeding pro se, filed an Application for Habeas Corpus Under 28 U.S.C. § 2254 [Application], (doc. 1), which he later amended, (doc. 13).  After respondents filed their Answer and opposition, (docs. 8 and 18), the Magistrate Judge entered a Report and Recommendation, recommending that Mr. Harris's Application be denied, (doc. 22.)

The district court reviews de novo those parts of a Report and Recommendation to which a party objects.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)("The district judge must determine de novo any part of the magistrate judge's disposition that has been

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

properly objected to.").   The court may review the other parts of the Report and Recommendation for plain error or manifest injustice.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983)(citing Nettles v. Wainwright, 677 F.2d 404, 410 (11th Cir. 1982)). On review, "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). In this case, the court has reviewed the entire record before the Magistrate Judge as well as the Report and Recommendation and Mr. Harris's Objections and, for the reasons set forth herein, the court finds the Objections are due to be **OVERRULED** and the Recommendation is due to be **ACCEPTED**.  Mr. Harris's Application will be denied and this matter will be dismissed.

## I. <u>HABEAS REVIEW STANDARD</u>

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91.  "Judges must be vigilant and independent in reviewing petitions for the writ, a commitment that entails substantial judicial resources.  Those resources are diminished and misspent, however, and confidence in the writ and the law it vindicates undermined, if there is judicial disregard for the sound and established principles that inform its proper issuance." *Id*. at 91-92.  "The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Id*. at 97.

Pursuant to 28 U.S.C. § 2254(a), a federal district court is prohibited from entertaining "[a]n application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court" unless the petitioner alleges "he is in custody in violation of the Constitution or laws or treaties of the United States."  In other words, this court's review of habeas claims is limited to federal constitutional questions.  Claims pertaining solely to questions of state law fall outside the parameters of this court's authority to provide relief under § 2254.  Thus, to the extent Mr. Harris claims he is entitled to relief based on violations of the Alabama Constitution and state law, this court may not provide him relief.

When Congress enacted the AEDPA, it limited the circumstances under which a habeas petitioner could obtain relief.  Indeed, under the AEDPA, a petitioner is entitled to relief on a federal claim only if he shows that the state court's adjudication of his claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or that the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[2]

---

[2]Section 2254(d) provides:

(d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

28 U.S.C. § 2254(d); s*ee also Brown v. Payton*, 544 U.S. 133, 141 (2005); *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005); *Williams v. Taylor*,  529 U.S. 362, 404 (2000); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).   "Moreover, a state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence." *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005)(citing 28 U.S.C. § 2254(e)(1)).

"A state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite [Supreme Court] opinions.  [The Court has] held that a state court need not even be aware of [its] precedents, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003)(internal quotations and citations omitted).  "Federal courts are not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a lack of citation."  *Bell v. Cone*, 543 U.S. 447, 455 (2005).

"A decision that does not rest on procedural grounds alone is an adjudication on the merits, regardless of the form in which it is expressed." *Williams v. Allen*, 598 F.3d 778, 797 (11th Cir. 2010)(internal quotations and citation omitted).  Section 2254(d) requires that "any claim that was adjudicated on the merits in State court proceedings" be accorded deference in the federal courts.  *See* 28 U.S.C. § 2254(d).

----

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

4

As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

The reasons for this approach are familiar. Federal habeas review of state convictions frustrates both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights. It disturbs the State's significant interest in repose for concluded litigation, denies society the right to punish some admitted offenders, and intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority.

Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions.

*Harrington*, 562 U.S. at 102-03 (internal citations and quotations omitted).

A state court's adjudication of a claim will be sustained under § 2254(d)(1), unless it is "contrary to" clearly established, controlling Supreme Court precedent, or it is an "unreasonable application" of that law. These are two different inquiries, not to be confused, nor conflated, as the Supreme Court explained in *Williams*:

Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* ... clearly

established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. at 404 (emphasis in *Williams*).

Section 2254(d)(1) limits the source of "clearly established Federal law" to "holdings, as opposed to the dicta, of the [Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. A state-court determination can be "contrary to" clearly established Supreme Court precedent in either of two ways:

> First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

*Id*. at 405. Likewise, a state-court determination can be an "unreasonable application" of clearly established Supreme Court precedent in either of two ways:

> First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id*. at 407. Whether a particular application of Supreme Court precedent is "reasonable" turns on whether the application of Supreme Court precedent at issue was "objectively unreasonable." Therefore, the question is not whether the state court "correctly" decided the issue, but whether its determination was "reasonable," even if incorrect. *See Bell*, 535 U.S.

6

at 694. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101(internal citations and quotations omitted).

## II. DISCUSSION

Mr. Harris raises three objections to the Magistrate Judge's Report and Recommendation: (1) the Magistrate Judge erred in finding the amendment of his Indictment without his consent and without resubmitting it to the grand jury was constitutional; (2) the Magistrate Judge erred by failing to find Ala. Code § 13A-6-69.1 is unconstitutional because it fails to state the mental intent necessary to violate the statute and the statute is overbroad and vague; and (3) the Magistrate Judge erred in failing to provide him a hearing to present evidence supporting his ineffective assistance claims. (See generally doc. 25.) These Objections are without merit for the reasons set forth below. Moreover, the court has found no plain error warranting habeas relief based on its review of the entire record.

## A. AMENDED INDICTMENT

Mr. Harris alleges two errors of constitutional dimensions with regard to the amendment of his Indictment: (1) changing the enumerated code section shortly before trial to substitute a Class B felony for a Class C felony denied him due process, and (2) his right to be charged by a grand jury was denied when the amended charge was not resubmitted to the grand jury.

**1. Due Process**

The Supreme Court has held:

> Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. Hagner v. United States, 285 U.S. 427, 52 S. Ct. 417, 76 L. Ed. 861 (1932); United States v. Debrow, 346 U.S. 374, 74 S. Ct. 113, 98 L. Ed. 92 (1953). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'  United States v. Carll, 105 U.S. 611, 612, 26 L. Ed. 1135 (1882).

Hamling v. United States, 418 U.S. 87, 117 (1974).

In his Objections, Mr. Harris alleges that, because § 13A-6-66 and § 13A-6-69.1 describe the same offense but with different punishments, the amendment of the Indictment to change the offense to the one with a stiffer penalty violated his right to notice.  He states, "The Court of Criminal Appeals['] decision ignores or overlooks the obvious in this case. Both § 13A-6-66(a)(3) and § 13A-6-69.1(a) are worded virtually identical[ly], but a violation of § 13A-6-66 is a Class C felony, where a violation of 13A-6-69.1 is a Class B felony." (Doc. 25 at 9 [emphasis added].)  However, Mr. Harris is simply wrong about the language of the two statutes on the date of his offense.   Before July 1, 2006 –

§ 13A-6-66, Ala. Code 1975, provided, in pertinent part:

> "(a)  A person commits the crime of sexual abuse in the first degree if:
>
> ". . . .

> "(3)  He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old.
>
> "(b)  Sexual abuse in the first degree is a Class C felony."
>
> Effective July 1, 2006, § 13A-6-66 was amended to remove subsection (a)(3) . . . . See Act No. 2006–575, Ala. Acts 2006.  Section 13A-6-69.1, Ala. Code 1975, was enacted by the same act and contains comparable language to the language previously in § 13A-6-66(a)(3); § 13A-6-69.1(b), Ala. Code 1975, makes the sexual abuse of a child under 12 years old a Class B felony.

M.H. v. State, 6 So. 3d 41, 48-49 (Ala. Crim. App. 2008)(emphasis added).  In Alabama, "It is well settled that the law in effect at the time of the commission of the offense controls the prosecution."  Id. at 49 (quoting Minnifield v. State, 941 So. 2d 1000, 1001 (Ala. Crim. App. 2005)).

The Indictment charged, "CHARLES VERNON HARRIS, JR., . . . being sixteen years of age or older, did, on or about April 27, 2007, subject to sexual contact [LNM] who was less than twelve years of age, in violation of Section 13A-6-66 of the Code of Alabama . . . ." (Doc. 25-3 [emphasis added].)  The Indictment was amended to change the Alabama Code section from § 13A-6-66 to § 13A-6-69.1.  (Id.; doc. 25-4.)  Mr. Harris objected to the amendment because he alleged it changed the charged offense from a Class C felony to a Class B felony.  The Alabama Court of Criminal Appeals held, in part –

> "[T]he reference to a statutory source in an indictment is considered a ""matter of convenience and not of substance.""  . . .  It is the language describing the offense that apprises the accused of the charge against him, not the Code citation."  Hopper v. City of Prattville, 781 So. 2d 346, 353 (Ala. Crim. App. 2000)(quoting Griffin v. State, 428 So. 2d 213, 215 (Ala. Crim. App. 1983).  Here, Harris was always charged with first-degree sexual abuse

of a child less than the age of twelve.  This allegation was not altered by the August 7, 2008, amendment.

  Additionally, because the citation to § 13A-6-66 was a miscitation of what should have been a citation to § 13A-6-69.1, Harris's consent to amend the code section was not required.  See, Rule 13.5(a), Ala. R. Crim. P.[3] Moreover, Harris could not and did not show that he suffered actual prejudice due to the correction of the code section.  "[I]n the absence of a showing of actual prejudice to the defendant, reference to the erroneous code section will be treated as mere surplusage."  Ex parte Bush, 431 So. 2d 563, 564 (Ala.) Harris's claim that the amendment forced him to defend a greater offense is incorrect because, as stated above, Harris was always charged with first-degree sexual abuse of a child less than the age of twelve.  Thus, Harris was always charged with a Class B felony.  Because there being no amendment to the allegations in the indictment, Harris has no valid claim that his substantial rights were prejudiced.  See, Rule 13.5(a), Ala. R. Crim. P.

(Doc. 8-19 at 3-4 [footnote added].)  Prior to July 1, 2006, § 13A-6-66(a)(3) was the statute criminalizing sexual contact with a child of less than 12 years old by a person age 16 or older; however, on April 27, 2007, the date of the offense, the statute criminalizing such conduct was § 13A-6-69.1.  (See doc. 8-19 at 3 and n.1.)

  On the date of the offense, Alabama had only one statute specifically criminalizing sexual contact by a person over the age of 16 with a child younger than 12, as charged in the Indictment, and that statute was § 13A-6-69.1.  At all times, from warrant to conviction, Mr. Harris was aware that Alabama was prosecuting him for sexual contact with a child under

---

  [3]Rule 13.5(a) states:  "A charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment.  The court may permit a charge to be amended without the defendant's consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced." Ala. R. Crim. P. 13.5(a).

the age of twelve.  At the time of the crime made the basis of his prosecution, the Alabama law criminalizing such conduct was § 13A-6-69.1.  Although before July 1, 2006, § 13A-6-66(a)(3) had criminalized sexual contact between a child younger tha 12 and a perpetrator of older than 16, on April 27, 2007, the date of Mr. Harris's criminal conduct, that code section no longer existed and § 13A-6-69.1, a Class B felony, criminalized the conduct described in the Indictment.

The court finds the Indictment "fairly informed" Mr. Harris of the charge against him sufficient to satisfy his right to due process.  Thus, his Application will be denied as to this ground for relief.

### 2. Grand Jury

Mr. Harris contends that the amendment of his Indictment to charge him with a violation of Ala. Code § 13A-6-69.1 "destroyed the Petitioner's substantial right to be tried only on the charge presented in the indictment returned by the Grand Jury, his right to have the Grand Jury make the charge on its own judgment, [and] also resulted in the Petitioner being convicted of § 13A-6-69.1, a charge the Grand Jury never made against him . . . ." (Doc. 25 at 14 [citations omitted].)  However, the Supreme Court has long held that there is no federal right to a grand jury in state prosecutions. See also Alexander v. Louisiana, 405 U.S. 625, 633 (1972)("Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury," and "the Court has never held that federal concepts of a 'grand jury,' binding on the federal courts under the Fifth Amendment, are obligatory for the

11

States." (citing Hurtado v. California, 110 U.S. 516, 538 (1884))).  Moreover, because federal law does not provide a state-court criminal defendant with a constitutional "right to be indicted by a grand jury, so [his] allegation that an indictment amendment violated his right to be indicted by a grand jury should not be sufficient grounds to grant habeas corpus." Bae v. Peters, 950 F.2d 469, 477 (7th Cir. 1991); see also Major v. Deloach, No. CIV. A. 98-0148-AH-L, 2001 WL 102394, *7 (S.D. Ala. Jan. 23, 2001)("To the extent that the petitioner's claim is that the indictment should have been amended by a grand jury, it fails to state a constitutional claim cognizable under 28 U.S.C. § 2254.  The Fifth Amendment's guarantee of indictment by grand jury has not been applied to the states through the Fourteenth Amendment and therefore the sufficiency of the indictment is primarily a matter of state law.  See Alexander v. Louisiana, 405 U.S. 625, 633 (1972).").

Mr. Harris has not alleged a right to habeas relief on this ground of his Application.

Based on the foregoing, the court finds that the Indictment provided notice to Mr. Harris of the specific crime with which he was charged sufficient to satisfy his right to due process. Also, because the Supreme Court has held that state criminal defendants have no federal constitutional right to be indicted by a grand jury, the amendment to Mr. Harris's Indictment without presentation to the Grand Jury provides no basis for habeas relief. Having failed to demonstrate that he was entitled to relief under 28 U.S.C. § 2254(d), Mr. Harris was not entitled to a hearing in this court.

The court will accept the Recommendation of the Magistrate Judge and deny this ground for relief as set forth in Mr. Harris's Application.

## B.  CONSTITUTIONALITY OF § 13A-6-69.1

Mr. Harris alleges that the Magistrate Judge erred in finding that § 13A-6-69.1 contains a culpable mental state and for ignoring the fact that the state courts had failed to address his claims that § 13A-6-69.1 is unconstitutionally vague and overbroad.  (Doc. 25 at 19-26.)  The court disagrees.

Section 13A-6-69.1(a) states, "A person commits the crime of sexual abuse of a child less than 12 years old if he or she, being 16 years old or older, subjects another person who is less than 12 years old to sexual contact."  Ala. Code § 13A-6-69.1(a)(emphasis added). Section 13A-6-60 provides the definitions applicable to sexual offenses, including § 13A-6-69.1.  It defines "sexual contact" as "Any touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party."  Ala. Code § 13A-6-60(3)(emphasis added).  Generally, "'purpose' corresponds loosely with the common-law concept of specific intent."  See United States v. Bailey, 444 U.S. 394, 405 (1980).  Thus, section 13A-6-69.1 requires a specific intent to have sexual contact with a child for the purpose of gratifying a sexual desire.  Although the state court found that the intent necessary to commit sexual abuse of a child is provided by case law, this court finds that the required intent, "the intent to gratify sexual desire," is provided by law defining "sexual contact."

Therefore, § 13A-6-69.1 is not unconstitutional under federal law and this ground for relief will be denied.

Mr. Harris also contends that § 13A-6-69.1 is unconstitutional because it is vague and/or overbroad.[4]  The court rejects this argument.

With regard to whether § 13A-6-69.1 is overbroad, "The crucial question . . . is whether the [statute] sweeps within its prohibitions what may not be punished under the First and Fourteenth Amendments."  Grayned v. City of Rockford, 408 U.S. 104, 114-15 (1972). Therefore, "[t]he first step in overbreadth analysis is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers."  United States v. Williams, 553 U.S. 285, 293 (2008).  The court finds that § 13A-6-69.1 prohibits sexual contact, as defined above, between a child under the age of

---

[4]Mr. Harris alleged that "[§] 13A-6-69.1 is unconstitutional" because:

(1)  it encourages arbitrary and erratic arrests and convictions . . . [,]

(2)  it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute and what accompanying mental state is in violation . . . ,

(3)  it fails to give fair notice of the offending conduct . . . ,

(4)  it fails to protect citizens, especially the poor, from being caught in the sexual abuse net by failing to contain an element of intent . . . ,

(5)  it sets a net large enough to catch all possible offenders, and leaves it to the courts to step inside and say who can be rightfully detained and who should be set at large . . . .

(Doc. 25 at 23 [internal citations omitted].)

12 and a perpetrator over the age of sixteen.  Clearly and without equivocation, this court states that such sexual contact – for the purpose of gratifying a sexual desire – is not, under any imaginable fact scenario, "innocent" or constitutionally-protected activity.  Therefore, the court finds Ala. Code § 13A-6-69.1 is not overbroad and this ground for habeas relief is due to be denied.

Also, the court finds that the section is not "vague."  The Supreme Court has held, "Our cases establish that the Government violates [the due-process] guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."  Johnson v. United States, 135 S. Ct. 2551, 2556 (2015)(citing Kolender v. Lawson, 461 U.S. 352, 357-58 (1983)).  "The prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law,' and a statute that flouts it 'violates the first essential of due process.'"  Id. at 2556-57 (quoting Connally v. General Constr. Co., 269 U.S. 385, 391 (1926)).  Again, without any equivocation, the court states that § 13A-6-69.1 – prohibiting sexual contact between a child younger than 12 years old and the perpetrator sixteen years or older – establishes the conduct it punishes in such a manner that an individual of ordinary intelligence knows precisely what conduct is prohibited and law enforcement has clear minimal guidelines for enforcement.  Having failed to demonstrate

that he was entitled to relief under 28 U.S.C. § 2254(d), Mr. Harris was not entitled to a hearing in this court.

The court will accept the Recommendation of the Magistrate Judge and deny this ground for relief as set forth in Mr. Harris's Application.

## C.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his Objections, Mr. Harris argues, "The Magistrate [Judge] abused his discretion and erred to reversal in his Report and Recommendation in asserting that Petitioner's claims of ineffective assistance of counsel had been adjudicated on the merits in state court and the Petitioner had not shown that the Alabama Court of Criminal Appeals' decision was contrary to, or involved an unreasonable application of, clearly established federal law." (Doc. 25 at 30.)  The Alabama Court of Criminal Appeals held that "Harris's claims alleging ineffective assistance of  trial counsel were not sufficiently pleaded."  (Doc. 25-8 at 10.)  It also held that Mr. Harris failed to adequately plead his claim of ineffective assistance of appellate counsel.  (Id. at 19.)  In this Circuit, "an Alabama court's consideration of the sufficiency of the pleadings concerning a federal constitutional claim contained in a Rule 32 petition necessarily entails a determination on the merits of the underlying claim . . . .  [This court] therefore must review the merits determination of the Court of Criminal Appeals under the deferential standards set forth in AEDPA . . . ."  Borden v. Allen, 646 F.3d 785, 816 (11th Cir. 2011).

Thus, contrary to Mr. Harris's Objections, the decision of the Alabama Court of Criminal Appeals, holding that he had failed to adequately plead his ineffective assistance of counsel claims, was a decision by that court on the merits.

Mr. Harris also contends that the Magistrate Judge "erred and abused his discretion in issuing his report and recommendation in this case without affording this Petitioner an evidentiary hearing under Cullen, 131 S. Ct. at 1403 . . . ." (Doc. 25 at 31 [other citations omitted].)[5]

The Supreme Court has held that, when the state court issues a decision on the merits, the federal habeas court must determine whether the petitioner has established his right to habeas relief pursuant to § 2254(d) based on the record before the state court. Cullen, 563 U.S. at 185; see also Landers v. Warden, Atty. Gen. of Ala., 776 F.3d 1288, 1295 (11th Cir. 2015). This court may conduct an evidentiary hearing only when "(1) the federal claim was adjudicated on the merits in state court; (2) there is a determination based only on the state court record that the petitioner has cleared the § 2254(d) hurdle; and (3) the habeas petitioner tried, but was not given the opportunity[,] to develop the factual bases of the claim in state

---

[5]The page of the Cullen v. Pinholster decision cited by Mr. Harris contains a discussion of the Strickland standard and not any discussion regarding a habeas petitioner's right to a hearing in the district court. See Cullen v. Pinholster, 563 U.S. 170, 189-190, 131 S. Ct. 1388, 1403 (2011). The Court discussed the issue of a hearing in federal court and held, "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." Id., 563 U.S. at 185.

court within the meaning of 28 U.S.C. § 2254(e)(2)."  Madison v. Comm'r, Alabama Dep't of Corr., 761 F.3d 1240, 1249-50 (11th Cir. 2014).

To determine whether Mr. Harris "has cleared the § 2254(d) hurdle," this court "examine[s] the reasonableness of the Court of Criminal Appeals's adjudication of [Mr. Harris's] claims based upon the allegations contained in his [ Rule 32 petition]," to determine "whether the Court of Criminal Appeals's determination [–] that [Mr. Harris's] relevant ineffective assistance of counsel claims were due to be dismissed for failure to state a claim with sufficient specificity under Rule 32.6 (b) [–] was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" Borden, 646 F.3d at 816-18 (quoting 28 U.S.C. § 2254(d)(1)), or whether its decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,"  28 U.S.C. 2254(d)(2).

Mr. Harris alleges that "he is entitled to habeas relief pursuant to 28 U.S.C. § 2254 (b)(1)(B)(ii)[6] and (d)(2) because . . . he was never afforded an evidentiary hearing in the state

---

[6]This section states:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —

. . .

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

courts to prove his claims of ineffective assistance of counsel . . . and build a proper record for appellate review or review by this court." (Doc. 25 at 31 [footnote added].) Because his claims of ineffective assistance of counsel were adjudicated on the merits, subsection (b)(1)(B)(ii), which excuses certain procedural defaults, is not applicable to Mr. Harris's claims.

Moreover, the "facts" that form the basis of the state court's opinion are undisputed; the relevant facts are limited to Mr. Harris's statements in his third Rule 32 petition. As the Eleventh Circuit has held, "AEDPA limits our review to whether the state court's determination that [the petitioner] failed to plead sufficient facts in his Rule 32 petition to support a claim of ineffective assistance of counsel was contrary to or an unreasonable application of Supreme Court precedent. Thus, [the court] look[s] only to the allegations in [the petitioner's] Rule 32 petition and whether those allegations sufficiently state a claim for ineffective assistance of counsel." Powell v. Allen, 602 F.3d 1263, 1273 (11th Cir. 2010).(emphasis added). And, having reviewed Mr. Harris's relevant Rule 32 petition, this court finds no error in the Court of Criminal Appeals statement of Mr. Harris's allegations in his third Rule 32 petition. Therefore, Mr. Harris is not entitled to habeas relief pursuant to § 2254(d)(2).

The Alabama Court of Criminal Appeals decided that Mr. Harris failed to adequately allege his ineffective assistance claims, and, as this decision was based on the pleading

---

28 U.S.C. § 2254(b)(1)(B).

alone, Mr. Harris was not constitutionally entitled to an evidentiary hearing in the state courts.  Moreover, because he has not shown that he was entitled to relief under § 2254(d)(2) based on the record before the state court, Mr. Harris is not entitled to an evidentiary hearing in this court.

The court will accept the Recommendation of the Magistrate Judge and deny this ground for relief as set forth in Mr. Harris's Application.

## CONCLUSION

Based on the foregoing, Mr. Harris's Objections to the Magistrate Judge's Report and Recommendation, (doc. 25), are **OVERRULED**.  The  Recommendation of the Magistrate Judge is **ACCEPTED**, and Mr. Harris's Application for Habeas Relief § 2254, as amended, (docs. 1 and 13), will be denied in a separate Order.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2254 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The applicant for habeas corpus relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).   And, the "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added).  To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

For the reasons set forth above, the court finds that Mr. Harris has not demonstrated that he was denied any constitutional right or that the issues he raises are reasonably debatable and/or deserve encouragement to proceed further.  Therefore, the court finds the issuance of a certificate of appealability is not warranted in this case.

The Certificate of Appealability will be denied.

**DONE** this 3rd day of August, 2016.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE